UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------x
POPPINGTON LLC and RAQUEL HORN,     :
                                    :
                                    :
     Plaintiff,                     :
                                    :          20-cv-8616 (JSR)
        -v-                         :
                                    :
EDWYNA BROOKS and JOHN DOE 1-10,    :
                                    :
     Defendants.                    :
------------------------------------x
EDWYNA W BROOKS D/B/A               :
EW BROOKS BOOKS LLC,                :
                                    :
     Plaintiff,                     :
                                    :          24-cv-9550 (JSR)
        -v-                         :
                                    :
DAMON DASH, RAQUEL HORN,            :
THE DASH GROUP LLC, and             :
POPPINGTON LLC D/B/A DAME DASH      :
STUDIOS,                            :
                                    :
     Defendant.                     :
------------------------------------x
```

ORDER

     Before this Court are two motions by Edwyna Brooks, a party
to the two above-captioned related cases. Full familiarity with
the facts in these and related cases is here presumed.

     On her first motion, filed in case 20-cv-8616, Brooks, having
been awarded attorney's fees for the filing of a frivolous action
by plaintiffs Poppington LLC and Raquel Horn, moves for sale of
the assets of Horn at public auction pursuant to N.Y. C.P.L.R.
§§ 5201(c)(1),(4), § 5225, and § 5233 to satisfy approximately

$78,289.57 plus interest awarded by this Court and the Second Circuit in favor of Brooks. Horn's opposition to the motion to sell assets focuses primarily on an I.R.S. lien, the Notice of which was filed on January 11, 2024, against all of Horn's property. However, "[i]n the absence of any objection by the IRS, the federal tax lien with respect to [any defendant] does not preclude the Court from ordering a turnover of assets." See Bricklayers Ins. & Welfare Fund v. LaSala, No. 12-CV-2314 (FB), 2018 WL 7053375, at *3 (E.D.N.Y. Nov. 15, 2018), report and recommendation adopted, No. 12CV2314FBRLM, 2019 WL 192884 (E.D.N.Y. Jan. 15, 2019). Accordingly, the motion to sell assets by Brooks is hereby granted, and the Court will refer all further proceedings in connection with the sale of these assets to Magistrate Judge Barbara C. Moses.

Second, Brooks has filed in case 24-cv-9550 a motion seeking sanctions under Fed. R. Civ. P. 37(e)(2) for spoliation of evidence. Specifically, Brooks argues that the Court should sanction defendant for intentionally taking down two websites, www.poppington.com and www.madebydamedash.com, that were appended as Exhibits 7 and 8 to Brooks's complaint and were, as Brooks argues, a material part of her case against defendants. Although the motion was originally unopposed, defense counsel, at a telephonic conference with the parties held on April 28, 2025, argued that the default judgment sought by Brooks was too harsh

and that a lesser sanction was "no greater than necessary" to cure the prejudice. After careful review, the Court concludes that defendants had a duty to preserve evidence on the websites that was highly relevant to current and future litigation and intentionally failed to take any steps to do so, thereby materially prejudicing Brooks in prosecuting the instant action. Furthermore, the Court concludes that there is no meaningful way to cure this prejudice short of awarding default judgment to Brooks in 24-cv-9550. Accordingly, Brooks should submit to the Court by no later than May 5, 2025, a proposed default judgment order.

Clerk to close Dkt. 17 on Docket No. 24-cv-9550 and Dkt. 89 on Docket No. 20-cv-8616.

SO ORDERED.

Dated: New York, NY

April 29, 2024

JED S. RAKOFF, U.S.D.J.